**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |   |
|---|---|---|
| PIRC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case: 10-cv-08298 |
| | ) | |
| Qorvis Communications, LLC, | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court having reviewed the pleadings to ensure the existence of subject matter jurisdiction issues this *sua spo*nte memorandum opinion and order. A district court must assure itself that it possesses subject matter jurisdiction before it can proceed to take any action respecting the merits of the case. *See e.g., McReady v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("[e]nsuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit"); *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("[w]ithout jurisdiction the court cannot proceed at all in any cause").

Defendant removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.

The removal statute (28 U.S.C. § 1441) must be construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 2003). Plaintiff's contention of the amount in controversy will stand unless it "appears to a legal certainty" that the claim is worth more than the jurisdictional amount. *Cf. St.*

*Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (holding that the plaintiff's estimation of the amount in controversy is afforded deference when it is the party seeking federal jurisdiction). To overcome this presumption, the party seeking federal jurisdiction bears the burden of proving the amount in controversy. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-189; *Meridian v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence."); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (holding the defendant must offer evidence which proves, to a reasonable probability, that jurisdiction exists). In cases where the plaintiff provides little information about the value of her claim, however, a plausible "good faith" estimate supported by a preponderance of the evidence is acceptable to establish the amount in controversy. *Rubel v. Pfizer, Inc.,* 361 F.3d 1016, 1018 (7th Cir. 2004).

Upon review of both the Notice of Removal and the allegations of Plaintiff's Complaint, this Court finds that Defendant has failed to establish an amount in controversy in excess of $75,000 required to establish subject matter jurisdiction. This defect requires the Court to remand this case to state court, pursuant to 28 U.S.C. § 1447(c).

In support of its contention that the amount in controversy in this case meets the jurisdictional minimum, Defendant provides an affidavit submitted by Plaintiff to the state court, pursuant to Illinois Supreme Court Rule 222, stating that Plaintiff is seeking damages in excess of $50,000. While this amount is indeed larger than the amount the Plaintiff sought in its original complaint, it is still less than the jurisdictional minimum of $75,000, and is therefore insufficient to establish federal subject matter jurisdiction. While Defendant speculates that

damages in this case might meet the jurisdictional minimum, this is not, in fact, a "reasonable inference" as Defendant alleges in its removal notice. There is no such indication in Plaintiff's complaint or the Rule 222 affidavit that the jurisdictional minimum has been met. Without such an indication, the Court cannot conclude "to a reasonable probability that jurisdiction exists." *Chase*, 110 F.3d at 427.

## **CONCLUSION**

For the aforementioned reasons, the Court finds that it lacks subject matter jurisdiction over this case and must remand this case back to state court, pursuant to 28 U.S.C. § 1447(c). Accordingly, the Court hereby REMANDS this case back to the Circuit Court of Cook County.

IT IS SO ORDERED.
1/25/2011

Dated

Hon. Sharon Johnson Coleman
United States District Court